IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERRI DORNS,                                )
6169 Wellington Commons Drive )
Alexandria, Virginia 22310,          )
                                                       )
       Plaintiff,                         )
                                                       )
v.                                                     )
                                                       )
HENRY M. PAULSON, Jr.           )
SECRETARY OF THE TREASURY)
1500 Pennsylvania Avenue, N.W.  )
Washington, D.C. 20220,              )
                                                       )
       Defendant.                       )
                                                       ) Civil Action No. _____
Also Serve:                                     )
                                                       )
JEFFREY A. TAYLOR                  )
U.S. Attorney for the                     )
the District of Columbia                )
555 4th Street, N.W.                     )
Washington, D.C. 20530              )
                                                       )
ALBERTO R. GONZALES           )
U.S. ATTORNEY GENERAL    )
Department of Justice                   )
950 Pennsylvania Avenue, N.W.  )
Washington,. D.C. 20530             )

**COMPLAINT OF DISCRIMINATION IN
EMPLOYMENT BASED ON RACE AND RETALIATION**

**I. INTRODUCTION**

       1.     Sherri Dorns, by her attorneys, Richard E. Patrick, Maynard M. Henry, Sr. and Patrick Henry LLP, brings this action against Henry R. Paulson, Jr., Secretary of the Treasury for trial *de novo*, as provided for under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., specifically 42 U.S.C. § 2000e-5; 42 U.S.C. § 2000e-16 (c) and 29 C.F.R. § 1614.407, which provide for relief against discrimination in federal employment

and allow Plaintiff to file suit in federal court against the head of a federal government department, for a trial *de novo*. The Plaintiff also brings this action for a *de novo* trial pursuant to 42 U.S.C. § 2000e-3(a), as amended, which prohibits retaliation against an employee for pursuing her rights.

2. Plaintiff, a black female, seeks injunctive and declaratory relief to secure the protection of and to redress the deprivation of rights granted to her by the laws of the United States of America. She also seeks compensatory damages, attorney's fees and costs for violations, pursuant to 42 U.S.C.§ 2000e-5 and 42 U.S.C. § 2000e-16, as amended. She alleges that, as an employee of the of the Department of the Treasury ("Treasury"), she has suffered invidious discrimination, infliction of emotional distress and mental anguish and was forced to work in a hostile environment as a result of the actions of the defendant and its agents or employees. She seeks compensatory damages.

3. The aggregate of defendant's outrageous and unlawful conduct caused grave physical and emotional harm and mental distress to plaintiff.

## II.  JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5; 42 U.S.C.§ 2000e-16; 28 U.S.C. 1343(3).

## III.  VENUE

5. Venue is proper with this Court because the claims arose in Washington, D.C.

### IV. PARTIES

6. Plaintiff, Sherri Dorns, a Black female, is a citizen of the United States and is a resident and citizen of Virginia, residing at 6169 Wellington Commons Drive, Alexandria, Virginia 22310.

7. Defendant, Henry Paulson, Jr. is Secretary of the United States Department of the Treasury within the meaning of 42 U.S.C. §2000e-16. At all times relevant hereto, the employees mentioned herein were employees of the Department of the Treasury and were acting within the scope and course of their employment.

### V. ADMINISTRATIVE PROCEDURES

8. Since Plaintiff is entitled to a *de novo* trial, for background purposes and for purposes of showing that she has met the exhaustion requirements, Plaintiff recounts, the following administrative procedures. Pursuant to 29 C.F.R. §1614, in 1997, the Plaintiff filed the first of her formal complaints with the Department of the Treasury, Office of Equal Employment Opportunity and Diversity. These complaints were settled. On October 9, 2002, Plaintiff filed a second complaint and a final agency decision was issued on July 17, 2006 and received by Plaintiff's counsel on July 20, 2006. Throughout the administrative process, the Plaintiff was not allowed to engage in any discovery.

### VI. STATEMENT OF FACTS

9. Since 1994, the Plaintiff, a Black female, has been employed as a Program Analyst, the Bureau of Engraving and Printing ("BEP"), first in the Office of Procurement, and then in the Product Development Center.

10. In September 1997, the Plaintiff filed a discrimination complaint with the Treasury's EEO office alleging that she had been discriminated against on the basis of her race when the Agency denied her the right to telecommute but allowed other similarly-situated employees, not in her class, to telecommute. This complaint was settled.

11. On February 15, 2001, Plaintiff, who was expecting with her second child, which was due in April 2001, submitted to her supervisors a five-month request to telecommute to her supervisors. Plaintiff proposed a schedule of twenty (20) hours per week, four (4) hours per day, Monday – Friday.

12. On February 19, 2001, Plaintiff's supervisor, Ted Strahan asked the Plaintiff to submit a list of proposed projects that would accommodate a telecommuting arrangement. Plaintiff selected projects based upon the recommendation of the project managers within to ensure that the project(s) selected would provide identifiable benefits to the Bureau. This list of projects was submitted to Mr. Strahan on February 27, 2001.

13. On March 19, 2001, Mr. Strahan informed the Plaintiff that her telecommuting request was denied because it was felt that the proposed projects would not justify the number of hours Plaintiff was requesting to work from home. Due to her pregnancy, Plaintiff's last day in the office was going to be March 30, 2001. Therefore, Plaintiff asked for a review of the denial.

14. On April 13, 2001, via an e-mail received at home, upper management again denied Plaintiff's request on the grounds that the Office Administrative Services should perform the work that the Plaintiff had requested that she perform from home. Upper management also said that the request was denied because they could not determine whether the Mr. Strahan, the second level reviewer, had concurred with the Plaintiff's telecommuting request. The reasons given by management for denying Plaintiff's request were a mere pretext because BEP has allowed similarly-situated employees, not in employees race, to commute.

15. On July 24, 2002, a project, which was the basis of the Plaintiff's February 15, 2001 originally denied telecommuting request, was assigned to a white employee within Plaintiff's office.

16. Even though the Plaintiff's request was denied, in late July 2002, BEP approved the telecommuting requests of similarly-situate white females. Following the denial of Plaintiff's request to telecommute, her supervisors retaliated against her by creating "make work" projects for her.

17. When Plaintiff first joined the Securities Technology Institute (STI) from the Office of Procurement, she was designated as a Program Analyst responsible for ensuring that all procurements required for the timely implementation of currency redesign were in place in order to meet all milestones for issuance of new currency. Her job responsibilities also included: developing procurement strategies, generating new procurement alternatives, formulating, presenting and justifying proposals, and coordinating studies performed by other internal components or contractors relating to U.S. currency printed by the Bureau.

18.     After Plaintiff returned from maternity leave and after she file her original 1997 discrimination, she was no longer assigned projects related to the acquisition of materials, establishing procurement strategies or economic/program analysis.  She was summarily assigned to a project involving community outreach to the manufacturers of cash handling equipment, and she was no longer responsible for negotiating major acquisitions and investigating the feasibility of incorporating new technologies into new currency designs. She was relegated to the clerical tasks of: making telephone calls to update mailing lists, faxing information to the cash handling industry, setting up meetings, composing newsletters and typing mailing lists/correspondence and sitting in the conferencing arena (typical length of conference – 3 business days) watching and monitoring the participants while they evaluated the new currency designs.

19.     Plaintiff, who always received outstanding performance reviews while she was performing the designated functions of her position, was never told why her responsibilities were taken away nor why she was assigned to menial tasks.  Plaintiff's frequent requests to be given more meaningful jobs were denied without justification.  Since Plaintiff was no longer functioning as a Program Analyst, it became impossible for Plaintiff to be considered for promotional and growth opportunities.  BEP's decision to relegate Plaintiff to these dead-end tasks was done in retaliation and with the purpose of hindering Plaintiff's growth and promotion.

20.     On November 21, 2002,  (for the period: Oct. 1, 2001 – Sept. 2002), Plaintiff was given an performance rating of "achieved standards" even though Plaintiff's performance goals and her current duties were unrelated, and her supervisors had never communicated Plaintiff's goals and objectives to her.  Plaintiff was never given an opportunity to find out what her performance goals were, and as such, Plaintiff's performance rating for

FY2002 was unjustified. This lower rating was given Plaintiff, who in retaliation for having mad and filed complaints of discrimination.

21. Management ignored Plaintiff's frequent and repeated demands to provide her with performance standards and to properly rate the Plaintiff.

22. The conduct of the BEP and Plaintiff's supervisors created a hostile work environment, which Plaintiff sought to escape by requesting that she be transferred or detailed to another position and office where the skills she learned would enhance her marketability; however, management, in a retaliatory move, blacklisted the Plaintiff and unjustifiably blocked all her attempts to transfer or detail to another office or position.

23. Since filing her complaint in October 2002, BEP has denied Plaintiff's reasonable requests for training on the grounds that the requested training was not related to the Plaintiff's work and that there was no money in the training budget. These reasons were false because the training request in Microsoft Project 2000, economics, and other courses were all related to the Plaintiff's work, and there was money in the budget to pay for these courses. Furthermore, BEP willingly paid for courses for white employees and employees who had not filed discrimination complaints.

24. BEP's actions outlined above created a hostile work environment and were impermissibly based on Plaintiff's race and in retaliation for Plaintiff's seeking to protect her rights.

25. The BEP employees mentioned in this Complaint were acting within the scope and authority of their employment when they took the actions against the Plaintiff, and the USPS is responsible for their actions.

26. As a result of the conduct of the Defendant and its employees, the Plaintiff suffered stress, humiliation and emotional distress, among other things.

27. The conduct of the defendant and its employees made Plaintiff's working conditions hostile and intolerable, and affected Plaintiff's ability to properly carry out the functions of her job.

28. Similarly situated individuals who were not in Plaintiff's protected class were treated more favorably than Plaintiff in terms of telecommuting, performance ratings, job responsibilities, requests for training, and requests for detail, among other things.

## VI. STATEMENT OF CLAIMS

### COUNT I - DISCRIMINATION ON THE BASIS OF RACE, AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII

29. Plaintiff incorporates the allegations of paragraphs 1 through 28 and in addition avers that:

30. The conduct of the defendant, as set forth above, constitutes the creation of a hostile and abusive working environment, disparate treatment based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-et seq in that the defendant made the plaintiff's work place intolerable.

### COUNT II - RETALIATION

31. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 30 and in addition avers that:

32. The conduct of the defendant, as set forth above, constitutes retaliation in violation of §704 (a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e (3) (a).

33. Defendant's conduct in subjecting Plaintiff to continual and on-going

discrimination was outrageous and was intended to cause and did cause Plaintiff to suffer physical harm and severe emotional stress. As a result, Plaintiff has been under doctor's care and continues to seek medical treatment for emotional illness. Defendant's conduct constitutes intentional infliction of emotional distress.

34. Defendant's conduct in subjecting Plaintiff to on-going and continual discrimination was outrageous and caused Plaintiff to suffer physical harm and severe emotional stress. Defendant knew or should have known that its failure to correct the Plaintiff's work environment would be harmful to Plaintiff, but Defendant refused to act and showed indifference to Plaintiff's situation. Defendant's conduct constitutes negligent infliction of emotional distress.

35. As a result of further and proximate result of the actions or omissions of the Defendant or its agents as alleged above in paragraphs 1 through 34, and the consequences proximately caused thereby, Plaintiff has suffered emotional trauma, humiliation, loss of benefits, distress, mental anguish, medical expenses and other related costs.

36. The acts and conduct of the defendant and its employees, as alleged above in paragraphs 1 through 35, taken toward the Plaintiff were deliberate, malicious, willful, intentional and were done to purposefully cause damage to the Plaintiff, and did cause damage to Plaintiff, requiring an award of damages.

## VII. PRAYER FOR RELIEF

37. Wherefore, Plaintiff prays for a judgment in her favor and against the Defendant, and that the following relief be awarded to the Plaintiff:

1) Issue a declaratory judgment that Defendant's acts, policies and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of

1964, as amended

        2).    Issue a preliminary and permanent injunction:

    (a)    Prohibiting Defendant, its agents and employees and those acting in concert with it from engaging in any other acts or practices shown to discriminate against the Plaintiff and similarly situated individuals.

        3)    On Count I for discrimination in violation of the Civil Rights Act of 1964, compensatory damages in the amount of $300,000;

        4)    On Count II for retaliatory discrimination compensatory damages in the amount $300,000;

        5)    That the Plaintiff be awarded backpay and other benefits to which she is entitled;

        6)    Grant Plaintiff her attorney's fees and costs;

        7)    Grant such additional relief as the Court deems just and proper.

## **JURY TRIAL**

Plaintiff hereby demand a jury trial on each and every count.

Respectfully submitted,

SHERRI DORNS

By Counsel

PATRICK HENRY LLP


By:_____
       Richard E. Patrick, D.C. Bar # 396571
       PATRICK HENRY LLP
       7619 Little River Turnpike
       Suite 340
       Annandale, Virginia  22003
       (703) 256-7754
       (703) 256-7883-fax
       rpatrick@patrickhenry.net

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Sherri Dorns

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard E. Patrick, D.C. Bar # 396571, Patrick Henry LLP, 7619 Little River Turnpike, Suite 340, Annandale, VA 22003
(703) 256-7754

## DEFENDANTS
Henry M. Paulson, Jr., Secretary of the Treasury

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER  1:06CV01805
JUDGE: Reggie B. Walton
DECK TYPE: Employment Discrimination
DATE STAMP: 10/18/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⦿ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. Section 2000e-16. Plaintiff brings this action for race discrimination and retaliation.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE October 17, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

