IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Sherri Dorns,**<br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**Henry M. Paulson, Secretary,**<br>**Department of the Treasury,**<br>　　　　**Defendant.** | )<br>)<br>)<br>)<br>)　　Case Number 06-1805 (RBW)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Henry Paulson, Secretary of the United States Department of the Treasury ("Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## ANSWER

Defendant responds to the separately numbered paragraphs and prayer for relief, utilizing the same paragraph numbering as Plaintiff's complaint, as follows:

1.　　The allegations in this paragraph contains Plaintiff's characterization of the complaint as to which no response is required.  To the extent that the first paragraph contains allegations of fact, they are denied, except for Defendant's allegations regarding her counsel bringing this action.

2.　　The allegations in this paragraph contain Plaintiff's characterization of the Complaint and claim for relief as to which no response is required.  To the extent that this paragraph is a prayer for relief, no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

Defendant admits Plaintiff is a black female. Defendant denies discriminating against Plaintiff. Defendant further denies exposing Plaintiff to a hostile work environment.

3. Defendant denies the allegations in this paragraph.

## JURISDICTION

4. This paragraph contains Plaintiff's allegation of jurisdiction which is a legal conclusion for which no response is required.

## VENUE

5. This paragraph contains Plaintiff's allegation of venue which is a legal conclusion for which no response is required.

## PARTIES

6. Defendant admits the allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

## ADMINISTRATIVE PROCEDURES

8. To the extent that paragraph 8 is a characterization of fact, the Defendant denies. The Defendant does admit that Plaintiff has exhausted her administrative remedies. Defendant denies as to the characterization, but does admit that the parties did not engage in discovery.

## STATEMENT OF FACTS

9. Defendant admits the allegations in this paragraph.

10. Defendant admits the allegations in this paragraph.

11. Defendant admits that on or about February 15, 2001, Plaintiff submitted to her supervisors a request to telecommute to her supervisors, and that Plaintiff's proposed schedule of twenty (20) hours per week, four (4) hours per day, Monday-Friday.

12. Defendant admits that on or about February 19, 2001, Ted Strahan, Plaintiff's supervisor asked Plaintiff to submit a list of proposed projects that would accommodate a telecommuting arrangement. Defendant is without sufficient knowledge as to whether Plaintiff selected projects based upon the recommendation of the project managers within to ensure that the project(s) selected would provide identifiable benefits to the Bureau of Engraving and Printing ("BEP"). Defendant admits that the list of projects was submitted to Mr. Strahan on or about February 27, 2001.

13. Defendant admits the allegations in this paragraph.

14. Defendant admits the allegations in the first and second sentences of this paragraph. Defendant denies the allegations in third sentence of the paragraph.

15. Defendant admits the allegations in this paragraph.

16. Defendant admits that the Plaintiff's request to telecommute was denied. Defendant denies that the BEP approved the telecommuting requests of white females within her directorate and with her supervisor. Defendant denies that Plaintiff's supervisors retaliated against her at any time.

17. Defendant admits the allegations in this paragraph.

18. Defendant admits that after Plaintiff returned from maternity leave few projects were assigned related to the acquisition of materials and/or establishing procurement strategies or economic/program analysis. Defendant denies the second sentence as stated, but admits that Plaintiff was assigned to a project involving community outreach to the manufacturers of cash handling equipment. Defendant denies the third sentence as stated, but admits that Plaintiff was responsible for tasks associated with dealing with vendors, including, but not limited to, mailing

lists, faxing information to the cash handling industry, setting up meetings, composing newsletters and drafting mailing lists/correspondence and monitoring participants while they evaluated the new currency designs.

19. With respect to the first sentence of the paragraph, Defendant denies that Plaintiff always received outstanding performance reviews or that her responsibilities were taken away and she was assigned menial tasks. Defendant denies the second sentence of the paragraph. With respect to the third sentence of the paragraph, Defendant denies that it was impossible for Plaintiff to be considered for promotional and/or growth opportunities. Defendant denies the fourth sentence of the paragraph.

20. Defendant admits that for the performance period of October 1, 2001 to September 2002, Plaintiff received an "achieved standards" performance rating. Defendant denies the remainder of the paragraph.

21. Defendant denies the allegations in this paragraph.

22. Defendant denies the allegations in this paragraph except that Defendant admits that Plaintiff did request a detail or transfer to another office or position.

23. Defendant admits that first sentence of this paragraph except to deny that Plaintiff's requests were reasonable. Defendant denies the second sentence of this paragraph. Defendant denies the third sentence of the paragraph as stated, but avers that Defendant has approved training for employees who have not filed discrimination complaints, and for those who have filed discrimination complaints.

24. Defendant denies the allegations in this paragraph.

25. Defendant admits that the defendant agency employees mentioned in this Complaint

were acting within the scope of their authority of their employment, but denies that the USPS is responsible for their actions.

26. Defendant denies the allegations in this paragraph.

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations in this paragraph.

## STATEMENT OF CLAIMS

### COUNT I - DISCRIMINATION ON THE BASIS OF RACE, AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII

29. Defendant specifically incorporates by reference his responses to paragraph 1 through 28 as set forth above.

30. Defendant denies the allegations in this paragraph.

### COUNT II – RETALIATION

31. Defendant specifically incorporates by reference his responses to paragraph 1 through 30 as set forth above.

32. Defendant denies the allegations in this paragraph.

33. Defendant denies that the first sentence in this paragraph. With respect to the second sentence in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of the paragraph, except to deny any discrimination or retaliation. Defendant denies the third sentence of the paragraph.

34. Defendant denies the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph.

36. Defendant denies the allegations in this paragraph.

## PRAYER FOR RELIEF

37. This paragraph contains Plaintiff's prayer for relief to which no response is required. To the extent this paragraph is deemed to contain allegations of fact, Defendant denies and further denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to injunctive relief or declaratory relief, damages, back pay, attorney's fees or costs. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. 1981a.

WHEREFORE, the Defendant requests that the Court enter a judgment:

a. Dismissing the Complaint against the Defendant with prejudice;

b. Awarding the Defendant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MARIAN L. BORUM, D.C. Bar # 435409
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6531

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2007, I caused the foregoing to be served upon counsel for Plaintiff by first class mail, postage prepaid, addressed as follows:

Richard E. Patrick
PATRICK HENRY LLP
7619 Little River Turnpike
Suite 340
Annandale, Virginia 22003

/s/
MARIAN L. BORUM
Assistant United States Attorney