UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERRI DORNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1805 (RBW) |
| | ) |
| HENRY R. PAULSON, JR., | ) |
| Secretary of the Treasury, | ) |
| | ) |
| Defendant. | ) |

### PARTIES' JOINT 16.3 REPORT

Pursuant to Local Civil Rule 16.3, counsel for the parties conferred on April 5, 2007. As a consequence of this conference, the parties hereby report to the Court as follows:

**Plaintiff's Brief Statement of Case Statement of the Case and Statutory Bases**:

Plaintiff, a Black female employee of the Bureau of Engraving and Printing, part of the United States Department of the Treasury, has filed a complaint of discrimination, pursuant to 42 U.S.C. §§ 2000e-3, 5, 16, alleging that she has been discriminated against on the basis of disparate treatment, race and in retaliation for seeking to enforce and protect her rights.

Defendant believes that Plaintiff will be unable to establish a *prima facie* case of racial discrimination or retaliation.

With regard to the matters to be included in the parties' 16.3 report, the parties state as follows:

1. **Dispositive Motions**: There are no pending dispositive motions. However, Defendant believes the case should be decided by motion for summary judgment at the conclusion of discovery. Plaintiff does not believe that this case can be disposed of by dispositive motions.

2. **Joinder/Amendment/Narrowing**: The parties do not anticipate the necessity to join third parties or to amend the pleadings further.  Neither party believes that the legal or factual issues can be narrowed at this time.

3. **Assignment To Magistrate Judge**: Neither party consents to assignment of this case to a magistrate judge for all purposes.

4. **Settlement Possibility**: Plaintiff believes that this case could benefit from pre-discovery settlement negotiations. While Defendant believes there may be some possibility of settling the case after discovery, Defendant believes there is little possibility of settling the case at this point.  Defendant will inform the court if the possibility of settlement becomes realistic in the future.

5. **Alternative Dispute Procedures**: The Plaintiff believes that this case could benefit from the Court's process.  At this time, the Defendant does not believe that the case could benefit from the Court's ADR process.

6. **Dispositive Motions**: The parties believe the case should be decided after discovery upon motion for summary judgment.

The parties propose the following schedule:

**Dispositive Motions:**  60 days after the close of discovery

**Oppositions**: 45 days after service of dispositive motion

**Replies**: 21 days after service of opposition

7. **Initial Disclosures**:  The parties propose that initial disclosures authorized under F.R.Civ.P. 26(a)(1) be served within 30 days of the Court's initial scheduling order.

8. **Discovery**:  The parties agree that fact discovery should be completed by September 26, 2007.  The parties anticipate standard discovery, <u>i.e.</u>, Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions.  The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

9. **Experts**:  The parties propose that Plaintiff's expert(s) be designated no later than 60 days after the commencement of discovery, and that defendant's experts be designated no later than 30 days thereafter.  The parties further propose that Plaintiff's expert disclosures be served at least 60 days prior to close of discovery.  The parties propose that Defendant's expert disclosures should be served within 30 days after service of Plaintiff's expert disclosures.  The parties agree that the expert disclosures shall, in accordance with Federal Rule of Civil Procedure 26(a)(2), include a written expert witness report.

10. **Class Action Procedures**:  Not applicable.

11. **Bifurcation of Discovery or Trial**:  The parties do not see any need for bifurcation.

12. **Proposed Date For Pretrial Conference**: The parties propose that the pretrial date be set within 60 days after Court rules on dispositive motions.

13. **Trial Date**:  Should a trial be necessary in this case, the parties propose setting the trial date at the pretrial conference.

14. **Other Matters**: **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties consent to electronic service of pleadings, notices, motions, and other papers required to be served via facsimile transmission and/or electronic mail.  A paper copy of any pleadings so served shall be simultaneously mailed to all counsel.

Respectfully submitted,

SHERRI DORNS

By Counsel

PATRICK HENRY LLP


By:_____/s/_____
　　　　Richard E. Patrick, D.C. Bar # 396571
　　　　PATRICK HENRY LLP
　　　　7619 Little River Turnpike
　　　　Suite 340
　　　　Annandale, Virginia  22003
　　　　(703) 256-7754
　　　　(703) 256-7883-fax
　　　　rpatrick@patrickhenry.net


DEFENDANT

By:


　　　　_____
　　　　JEFFREY A. TAYLOR, D.C. BAR # 498610
　　　　United States Attorney


　　　　_____
　　　　RUDOLPH CONTRERAS, D.C. BAR #434122
　　　　Assistant United States Attorney


　　　　     /s/  Robin Meriweather                              
　　　　ROBIN M. MERIWEATHER, D.C. Bar # 490114
　　　　Assistant United States Attorney
　　　　United States Attorney's Office
　　　　555 4th St., N.W.
　　　　Washington, D.C. 20530
　　　　Phone: (202) 514-7198
　　　　Fax: (202) 514-8780
　　　　Robin.Meriweather2@usdoj.gov